UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 22-20498-CR-GAYLES

UNITED STATES OF AMERICA

v.

DANIEL ARTURO CAMARGO,

    Defendant.
_____/

## ORDER ADOPTING *IN PART* REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** comes before the Court on Defendant Daniel Arturo Camargo's Renewed Motion to Dismiss Information for violating his right to a speedy trial (the "Renewed Motion"). [ECF No. 67]. On April 23, 2024, the Defendant filed his first Motion to Dismiss Information for Violation of Speedy Trial. [ECF No. 22]. The Court referred the motion to a United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for a Report and Recommendation. [ECF No. 23]. On May 31, 2024, the Magistrate Judge issued his initial report which recommended that the Court deny the motion. [ECF No. 44]. On July 25, 2024, this Court affirmed and adopted that report. [ECF No. 56]. The Defendant then filed the instant Renewed Motion. [ECF No. 67]. The Magistrate Judge issued a report on the Renewed Motion, recommending that the Court grant it (the "Report"). [ECF No. 83]. The government timely objected. [ECF No. 84].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see*

*also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

The outcome of the Defendant's Renewed Motion, much like his original motion, hinges upon whether the government's delay in prosecuting his case was reasonable. In the original report, the Magistrate Judge found that the government was negligent because it did not timely arrest the Defendant and bring him to trial. As the Magistrate Judge found that the delay was not done in bad faith, he concluded that the Defendant's speedy trial right was not violated. In his subsequent Report, the Magistrate Judge reversed course based on newly discovered evidence: a sentence in an FBI report indicating that AUSA Eduardo Gardea "requested the FBI table this matter until such time the United States Attorney's Office ('USAO') . . . was able to move forward with Camargo's prosecution." [ECF No. 83 at 3]. The Magistrate Judge found that this demonstrated the government intentionally delayed prosecuting the Defendant's case and that intentional delays, regardless of whether done in bad faith, result in the *Barker* reasonableness factor weighing heavily against the government.[1] Because of this finding, Camargo was not required to show prejudice to succeed on his speedy trial challenge. The Court agrees with the Report's finding that this new evidence, that the government intentionally caused the delay in the Defendant's arrest and trial, tips the scale as to the reasonableness factor in the Defendant's favor. The Court, however, disagrees with the Magistrate Judge on how heavily that evidence tips the scale.

---

[1] The Magistrate Judge correctly notes in his Report that courts are to apply the *Barker* factors when determining whether a defendant's speedy trial right has been violated. The first factor, which triggers the analyses, focuses on the length of the delay. *Barker v. Wingo*, 407 U.S. 514, 531 (1972). The second focuses on the "the reason the government assigns to justify the delay." *Id.* The third factor focuses on whether and how the defendant asserted his speedy trial right. *Id.* The fourth and final factor focuses on prejudice. *Id.* at 532. The second factor is at issue here.

In *United States v. Vargas*, the Eleventh Circuit noted that "the *Barker* factors should be viewed on a sliding scale, with few hard and fast rules." 97 F.4th 1277, 1287 (11th Cir. 2024), *cert. denied*, No. 24-5230, 2024 WL 4427453 (U.S. Oct. 7, 2024). It also held that "[n]o prejudice need be shown where the first three *Barker* factors 'weigh heavily against the Government.'" *Id.* at 1288 (quoting *Ringstaff v. Howard*, 885 F.2d 1542, 1545 (11th Cir. 1989). The Eleventh Circuit has underscored that "[t]his is a high bar" and would exclude circumstances where "the delay was <u>not</u> the result of bad faith or a deliberate attempt to hamper the defense." *Vargas*, 97 F.4th. at 1289 (emphasis added). The court reasoned that "the prosecution should not be permitted to engage in inexcusable misconduct on the hope that the defendant will not be able to make out a case of prejudice." *Id.* at 1288 (quoting *Turner v. Estelle*, 515 F.2d 853, 858 (5th Cir. 1975)).

Because the Court has already determined that the Defendant failed to show actual prejudice, [ECF No. 56],[2] there must be a showing of bad faith or other misconduct by the government for the Defendant to prevail on his Renewed Motion. *United States v. Barragan*, 752 F. App'x 799, 802 (11th Cir. 2018) ("Applying the correct legal standard, [the court] found that [the defendant] had neither proven actual prejudice nor shown that the government's delay was a deliberate attempt to gain a tactical advantage."). However, the Report found that intentional conduct alone, regardless of whether done in bad faith, is sufficient to weigh the second factor so heavily against the government as to disregard whether the Defendant was actually prejudiced. The Court disagrees with this specific finding. *Vargas*, as well as other decisions by the Eleventh Circuit, have underscored that intentional delays by the government to gain tactical advantage over a defendant should weigh heavily against the government; more neutral reasons for delay, such as negligence or choosing to redirect resources, should not weigh as heavily. *See Vargas*, 97 F.4th at

---

[2] The Court affirmed and adopted the initial report's finding that the Defendant failed to show prejudice. The newly discovered evidence of intent does not affect the Court's prior decision regarding prejudice.

1296; *United States v. Oliva*, 909 F.3d 1292, 1301 (11th Cir. 2018) ("An intentional attempt to delay trial in order to hinder the defense is weighted heavily against the government. In contrast, a valid excuse, such as a missing witness, justifies reasonable delay.") (cleaned up).

The present case involves an intentional delay by the government, but no evidence that the government did so to hinder the defense. The Court finds that this scenario falls somewhere between intentional bad faith and negligence. *See Vargas*, 97 F.4th at 1287 (noting that "each of the *Barker* factors should be viewed on a sliding scale" and for the second factor "different weights should be assigned to different reasons"). This Court does not hold that a showing of bad faith is always required to prevail on a speedy trial challenge. But, based on these circumstances, intentionality alone is insufficient; the Defendant must also show government misconduct. *Ringstaff*, 885 F.2d at 1545 ("Where the delay was not the result of bad faith or a deliberate attempt to 'hamper the defense,' and was a reasonable and efficient use of judicial resources, a defendant is required to show he suffered actual prejudice in order to prevail.").

Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** as follows:

(1)  The United States' Objections to the Report and Recommendation, [ECF No. 84], is **SUSTAINED, in part**;

(2)  Judge Goodman's Report and Recommendation, [ECF No. 83], is **OVERRULED, in part, and ADOPTED, in part**.

(3)  Defendant's Renewed Motion to Dismiss Information, [ECF No. 67] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of December, 2024.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE